**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

DERRYCK T. RICHARDSON,　　　　　　　　CASE NO. 21-40114-KKS
　　　　　　　　　　　　　　　　　　　　　CHAPTER 11

　　Debtor.
_____/

**DECLARATION OF DERRYCK T. RICHARDSON IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION (Doc. 152)**

I, Derryck T. Richardson, declare and state as follows:

1. I am Derryck Richardson and I am the Debtor in this Chapter 11 bankruptcy case.

2. I make this declaration in support of confirmation of the Amended Chapter 11 Plan of Reorganization (Doc. 152) filed on September 26, 2022.

3. On April 2, 2021, I filed this Chapter 11 proceeding.

4. On September, 26, 2022, I filed the Amended Chapter 11 Plan of Reorganization (the "Plan," Doc. 152). On October 3, 2022, I filed the Second Amended Disclosure Statement (the "Disclosure Statement," Doc. 155).

5. I am familiar with the terms and conditions of the Plan, the Disclosure Statement, and the documents, amendments, and supplements thereto if any.

**LIQUIDATION ANALYSIS**

6. Based on the assets and liabilities set forth in Exhibit B to the Disclosure Statement should liquidation be necessary, there are not enough assets available for payment in full to all creditors, including administrative claims, priority claims, and U.S.

Trustee fees. However, confirmation of the Plan will pay all secured and priority creditors and also pay a small dividend to the unsecured creditors.

## **FEASIBILITY**

7. Section 1129(a)(11) of the Bankruptcy Code requires that, in order to confirm a plan, the Court must find that confirmation of a plan is not likely to be followed by liquidation or the need for further reorganization. For a plan to meet this test, the Court must find that the debtor's estate and the reorganized debtor possess the ability to generate capital to meet the obligations under the plan.

8. Following confirmation of the Plan, I will be able to fully perform all obligations under the Plan without any need for liquidation or further financial reorganization.

9. Since the filing of the case, I have successfully made adequate protection payments to Smith & Keaton Investment Group for approximately fourteen (14) months. I am confident that I make the required payments to all creditors in the Plan, especially because I am now off of probation and I am once again able to own a funeral business, which will ensure the Plan's success.

## **THE PLAN MEETS THE REQUIREMENTS OF 11 USC SECTION 1129**

10. To the best of my knowledge, information, and belief, the Plan has been proposed in good faith and not by any means forbidden by law.

11. To the best of my knowledge, information, and belief, any payment made or to be made by me, for services or costs and expenses in or in connection with the case, or in connection with the Plan, besides payments made by the us in the ordinary course of business, has been approved by, or are subject to the approval by the Court as reasonable.

12. Upon the Effective Date, I will make disbursements pursuant to the Plan, as required. To the best of my knowledge, information, and belief, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has either accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property/payments of a value as of the Effective Date of the Plan that is not less than the amount such Holder would so receive or retain if the case was converted to one under Chapter 7 of the Bankruptcy Code.

13. The Plan divides creditors into classes. Class 4 is unimpaired. Classes 1, 2, 3, and 5 are impaired.

14. I believe that as of today, the required votes have been received in Classes 2 and 3. However, I assert that all applicable requirements of Section 1129(a) have been met other than Section 1129(a)(8), and that the Plan as filed is fair and equitable to all classes of creditors.

15. The Plan is not likely to be followed by liquidation or a further need for reorganization.

16. The Plan provides for payment in full of all fees payable under 28 USC Section 1930. To the extent any fees remain due and owing, they will be paid in full, prior to entry of a Final Decree.

17. To the best of my knowledge, information, and belief, the Plan is fair and equitable as to all classes and does not discriminate unfairly.

18. Based upon the foregoing, I submit that the Plan satisfies all of the requirements of the Bankruptcy Code and that the Plan should be confirmed.

**28 U.S.C. § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2022.

> */s/ Derryck T. Richardson*
> Derryck Richardson